[Cite as *State v. Miller*, 2011-Ohio-2828.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No.   23965 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No.   02-CR-1916 |
| v. | : | |
| | : | (Criminal Appeal from |
| SUMPTER A. MILLER | : | Common Pleas Court) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

### O P I N I O N

Rendered on the 10th day of June, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

JAY A. ADAMS, Atty. Reg. #0072135, 424 Patterson Road, Dayton, Ohio 45419
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

BROGAN, J.

{¶ 1}   On May 17, 2004, Sumpter Miller was convicted of possession of cocaine with a major-drug-offender specification and possession of marijuana.  Miller was sentenced to an aggregate term of twelve years in prison, including a two-year term imposed on the major-drug-offender specification.  We affirmed his conviction in *State v. Miller*,

Montgomery App. No. 20513, 2005-Ohio-4203.

{¶ 2}  Miller then applied to reopen his appeal so he could challenge the constitutionality of the major-drug-offender specification in light of the intervening Ohio Supreme Court decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856.  In denying the application, this court cited the sixth syllabus of *Foster*.  "R.C. 2929.14(D)(2)(b) and (D)(3)(b) are capable of being severed.  After the severance, judicial fact-finding is not required before imposition of additional penalties for repeat-violent-offender and major-drug-offender specifications * * *" *State v. Miller* (Jan. 4, 2007), C.A. Case No. 20513. The Ohio Supreme Court declined review.

{¶ 3}  Miller served the first part of his state sentence in federal custody.  Just before he was transferred to the Ohio prison system, he asked the trial court to reduce the original sentence by either dropping the two-year term on the specification or giving him credit against his sentence for good behavior.  (Motion, Dec. 17, 2008).  The trial court denied the motion.

{¶ 4}  On March 10, 2010, Miller was brought back to Common Pleas Court from the institution for re-sentencing to correct an error in the original judgment entry as to post-release control.  The trial court imposed the same sentence as before, but this time correctly advised him of the mandatory nature and duration of post-release control.  This appeal followed.

{¶ 5}  In a single assignment, Miller again argues that the trial court committed reversible error when it implemented a two-year sentence enhancement pursuant to the major-drug-offender specification.  Miller again cites us to the Ohio Supreme Court's holding in *State v. Foster*, supra.

{¶ 6}  The State argues that Miller's appeal should be limited to the issues arising

from the March 10, 2010 re-sentencing which resulted in the trial court's imposing a mandatory term of post-release control upon Miller.

{¶ 7} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the Supreme Court of Ohio held the following:

{¶ 8} "A sentence that does not include the statutorily mandated term of post-release control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control. (*State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.) Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶ 9} Miller's claim of error is barred by the doctrine of res judicata. Even if it were not, Miller's claim that he was entitled to a jury trial on the major-drug-offender specification has no merit. See *State v. Hunter*, 123 Ohio St.3d 164, 2009-Ohio-4147, cert. denied, 130 S.Ct. 1888 (2010).

{¶ 10} Miller's assignment of error is Overruled. The trial court's judgment is Affirmed.

. . . . . . . . . . . .

FAIN and HALL, JJ., concur.

(Hon. James A. Brogan, Retired from the Second District Court of Appeal, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).


Copies mailed to:

Mathias H. Heck, Jr.
Carley J. Ingram
Jay A. Adams
Hon. Frances E. McGee