[Cite as *State v. Smith*, 2011-Ohio-5986.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2010-CA-63 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 04-CR-808 |
| v. | : | |
| | : | |
| JAMES E. SMITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 18th day of November, 2011.

. . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg.
#0074332, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
        Attorneys for Plaintiff-Appellee

JAMES S. ARMSTRONG, Atty. Reg. #0020638, 131 North Ludlow Street, Suite 1311,
Talbott Tower, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1}  James E. Smith appeals from his re-sentencing on two counts of burglary and

one count of receiving stolen property to add a post-release control requirement.

{¶ 2}  Smith advances three assignments of error related to his re-sentencing. First, he

contends the trial court erred in ordering optional post-release control on two counts for which

he already had completed his sentence. Second, he claims the trial court erred in finding that he made an "attempt or threat with a weapon." Third, he asserts that the trial court erred in imposing an eight-year prison term for a third-degree felony.

{¶ 3}   The record reflects that in May 2005 the trial court sentenced Smith to five years in prison for third-degree felony burglary (count one), eight years in prison for second-degree felony burglary (count two), and eleven months in prison for receiving stolen property, a fifth-degree felony (count four). The trial court ordered these terms served concurrently. (Doc. #51). The judgment entry advised Smith that post-release control was mandatory for "up to a maximum of three years[.]"

{¶ 4}   In June 2010, Smith filed a pro se motion for re-sentencing, arguing that the trial court erred in imposing post-release control. In response, the trial court had Smith returned to court with counsel for re-sentencing. During a hearing, the trial court orally re-imposed the sentences set forth above (five years on count one, eight years on count two, and eleven months on count four). It also advised Smith that count one included optional post-release control for up to three years, that count two included mandatory post-release control for three years, and that count four included optional post-release control for up to three years.   The trial court then filed an August 5, 2010 judgment entry. Therein, it indicated that it was sentencing Smith to *eight years on count one*, *five years on count two*, and eleven months on count three, with the sentences to be served concurrently. With regard to post-release control, the trial court stated that "post release control is mandatory in Count II for a period of 3 years and optional in Counts I & IV for a maximum of three years * * *." (Doc. #109).

{¶ 5}   Smith filed his notice of appeal on September 3, 2010. Thereafter, on the State's motion, the trial court filed a September 29, 2010 nunc pro tunc entry, correcting a clerical mistake in its new judgment entry. Specifically, the trial court corrected the entry to reflect that the sentence on count one, a third-degree felony, was *five years* and the sentence on count two, a second-degree felony, was *eight years*. As corrected, the sentence on these counts was consistent with what Smith received in 2005 and with what the trial court orally re-imposed during the 2010 re-sentencing hearing.

{¶ 6}   Upon review, we turn first to Smith's third assignment of error. There he contends the trial court erred in imposing an eight-year prison term for third-degree felony burglary in count one. In the body of his argument, however, he acknowledges the nunc pro tunc entry that attempted to correct what he concedes was a clerical error. Thus, despite his assignment of error, Smith suggests that the issue he raises is now moot. We disagree.

{¶ 7}   Although a court generally may issue a nunc pro tunc entry any time,[1] this court has held that a notice of appeal divests a trial court of jurisdiction to do so. Addressing a similar situation in *State v. Ward*, 187 Ohio App.3d 384, 391, 2010-Ohio-1794, this court recently reasoned:

{¶ 8}   "Clearly, Ward assigned as error in this appeal the trial court's mistaken inclusion of the word 'mandatory' in the termination entry to describe the nature of her sentence. Simply put, the trial court was divested of jurisdiction to correct this mistake since Ward raised it on appeal. Since the court had no jurisdiction to address an error assigned on

---

[1] See, e.g., Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time.").

appeal, the court's attempt to correct its mistake with the nunc pro tunc entry filed on October 20, 2009, is a nullity. We find that the trial court erred when it filed a termination entry that stated that Ward was subject to a mandatory term of imprisonment for the charged offense on March 25, 2009."[2]

{¶ 9} Other appellate districts likewise have recognized that a trial court cannot file a nunc pro tunc entry while a case is pending on appeal. See, e.g., *State v. Erlandsen*, Allen App. No. 1-02-46, 2002-Ohio-4884, n.1 ("The nunc pro tunc entry was void ab initio as the trial court no longer has jurisdiction to enter any judgment in a case once an appeal has been taken."); *State v. Reid* (Sept. 18, 1998), Lucas App. No. L-97-1150 ("Since this judgment was issued subsequent to the filing of the notice of appeal, the trial court was without jurisdiction to take any action which might affect issues on appeal; therefore, the nunc pro tunc judgment entry is void."); *State v. Rowland*, Hancock App. No. 5-01-39, 2002-Ohio-1421 ("[A]s Rowland filed his appeal on July 13, 2001, the trial court no longer had jurisdiction to reduce Rowland's sentence. Accordingly, the State's assignment of error is well taken and the September 17, 2001, Nunc Pro Tunc Judgment Entry must therefore be disregarded."); *State v. Biondo*, Portage App. No. 2009-P-0009, 2009-Ohio-7005, ¶18 ("* * * Biondo's motion sought a 'correction' of the original judgment as a means of having his post-release control vacated. Not only did such a request have substantive implications, it was completely inconsistent with this court's ability to reverse, modify, or affirm the March 28, 2008

---

[2] In a concurring opinion, one panel member in *Ward* recognized that, in the civil context, Civ.R. 60(A) actually allows clerical mistakes to be corrected during the pendency of an appeal if the correction is made before the appeal is docketed or if leave is granted. *Ward*, at ¶50. The present appeal was docketed on September 3, 2010, well before the trial court filed its nunc pro tunc entry without obtaining leave from this court. Therefore, even if Civ.R. 60(A) were applicable here by analogy, the trial court erred in filing its nunc pro tunc entry.

judgment which denied the same relief. Accordingly, the nunc pro tunc entry issued on September 18, 2008, is void as the trial court lacked subject matter jurisdiction over Mr. Biondo's motion.").

{¶ 10} Based on the foregoing authority, we are compelled to conclude that the trial court's nunc pro tunc entry had no legal effect. Therefore, we hold that the trial court erred in its August 5, 2010 judgment entry when it purported to impose an eight-year prison sentence on count one, a third-degree felony. The cause will be remanded to the trial court to file a new judgment entry, correcting its clerical error by imposing a five-year sentence on count one and an eight-year sentence on count two—as it previously had done orally at the re-sentencing hearing and in its original judgment entry. Smith's third assignment of error is sustained.

{¶ 11} In his first assignment of error, Smith contends the trial court erred in ordering optional post-release control on two counts for which he already had completed his sentence. In particular, he claims the trial court erred in including a post-release control requirement on his five-year sentence for third-degree felony burglary (count one) and his eleven-month sentence for fifth-degree felony receiving stolen property (count four). He argues that post-release control could not be imposed for these convictions because he already had completed the sentences. We agree.

{¶ 12} As set forth above, the trial court originally sentenced Smith in May 2005 to five years on count one and eleven months on count four. Those sentences—which were ordered to be served concurrently with his eight-year sentence on count two—had been completed prior to the August 2010 re-sentencing entry. Therefore, the trial court lacked the ability to impose post-release control on those counts. *State v. Arnold*, Montgomery App. No.

23596, 2010-Ohio-1787, ¶28 (recognizing that "it was too late, at the re-sentencing, to add a term of post-release control to the sentence that had already been completed"); see, also, *State v. Arnold*, 189 Ohio App.3d 238, 2009-Ohio-3636, ¶50 ("'[I]t is the expiration of the prisoner's journalized sentence, rather than the offender's ultimate release from prison that is determinative of the trial court's authority to resentence.' "), quoting *State v. Dresser*, Cuyahoga App. No. 92105, 2009-Ohio-2888, ¶11, abrogated on other grounds, *State ex rel. Carnail v. McCormick,* 126 Ohio St.3d 124, 2010-Ohio-2671. On remand, the trial court shall impose post-release control only on count two, a second-degree felony conviction for which Smith received an eight-year sentence.[3] The first assignment of error is sustained.

{¶ 13} In his second assignment of error, Smith claims the trial court erred in finding that he made an "attempt or threat with a weapon." He challenges the accuracy of this finding, which appears in the trial court's August 5, 2010 judgment entry that followed his re-sentencing.

{¶ 14} Upon review, we conclude that res judicata precludes Smith from raising the disputed finding as an issue in this appeal. The trial court's original May 2005 judgment entry included exactly the same finding. Although the trial court filed a new judgment entry on August 5, 2010, that filing was limited to correcting a post-release control problem. The scope of an appeal from a re-sentencing to impose post-release control is limited to post-release control issues. Res judicata applies to all other aspects of a defendant's conviction and sentence. *State v. Miller*, Montgomery App. No. 23965, 2011-Ohio-2828, ¶8, quoting *State v.*

---

[3] Again, we note that this eight-year sentence is to be imposed on remand as set forth in our analysis of the third assignment of error above.

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. Thus, the filing of a new judgment entry to add post-release control did not revive Smith's ability to challenge an unrelated finding the trial court first made   years ago. The second assignment of error is overruled.

{¶ 15} We note that the defendant has filed a "Motion to Enter Client Communication to Assistance of Counsel" on July 18, 2011. We consistently do not consider pro se filings by parties who are represented by counsel. See, e.g., *State v. Wipperman* (Dec. 7, 2001), Montgomery App. No.   18398 and we will not consider this one.

{¶ 16} Having sustained Smith's first and third assignments of error, however, we reverse the trial court's judgment and remand the cause for the trial court to correct the clerical error discussed above and to impose post-release control only on count two.

. . . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
James S. Armstrong
Hon. Stephen Wolaver