[Cite as *State v. Jones*, 2019-Ohio-303.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2018-CA-63 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-0410B |
| | : | |
| DARRELL LACY JONES | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2019.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

REGINA ROSEMARY RICHARDS, Atty. Reg. No. 0079457, 4 West Main Street, Suite 707, Springfield, Ohio 45502
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Darrell Lacy Jones, appeals from his conviction and sentence in the Clark County Court of Common Pleas after pleading guilty to one count of theft.   In his appeal, Jones challenges the validity of his guilty plea and the portion of his sentence requiring him to serve two years in prison as a sanction for violating a previously imposed term of post-release control.   Because all of the arguments raised in support of Jones's appeal lack merit, we will affirm Jones's conviction and sentence.

## Facts and Course of Proceedings

{¶ 2} On April 17, 2018, Jones pled guilty to one count of fifth-degree felony theft in violation of R.C. 2913.02(A).   During his plea hearing, Jones advised the trial court that, at the time of the theft, he was on post-release control for a prior felony offense committed in Montgomery County.   Following that advisement, the trial court conducted a Crim.R. 11 plea colloquy, accepted Jones's guilty plea, and ordered a presentence investigation ("PSI").

{¶ 3} On May 7, 2018, the Adult Parole Authority ("APA") sent a letter to the State advising that Jones had 796 days remaining on the term of post-release control that was imposed in Montgomery County.   The letter also noted the corresponding Montgomery County case number for which post-release control had been imposed (Montgomery C.P. No. 2015-CR-03898).   The letter was included in the PSI report and reviewed by the trial court prior to sentencing.

{¶ 4} On May 9, 2018, the trial court held a sentencing hearing and ordered Jones to serve 12 months in prison for his theft offense.   Because the trial court found that

Jones had committed the theft offense while he was on post-release control and had 794 days (over two years) of post-release control left to serve at the time of sentencing, the trial court also sentenced Jones to an additional two-year prison term for violating post-release control. The trial court ordered the two-year prison term to be served consecutively to the 12-month prison term for theft, thereby imposing a total, aggregate term of three years in prison.

{¶ 5} Jones now appeals from his conviction and sentence, raising a single assignment of error for review.

**Assignment of Error**

{¶ 6} Under his sole assignment of error, Jones challenges the validity of his guilty plea and the portion of his sentence requiring him to serve two years in prison as a sanction for violating his previously imposed term of post-release control in Montgomery County. In support of his assignment of error, Jones has raised three arguments for our consideration, which we address separately below.

I.

{¶ 7} For his first argument, Jones contends his guilty plea to theft was not knowingly, intelligently, and voluntarily entered because, during the plea proceedings, the trial court failed to notify him of the sanction for violating post-release control. Jones maintains that he would not have pled guilty to the theft offense, which only carried a prison term of six to twelve months, had the trial court informed him that he would also receive a consecutive, two-year prison term as a sanction for violating post-release

control. Jones therefore believes his conviction and sentence should be vacated. We disagree.

{¶ 8} In order to be constitutionally valid and comport with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *State v. Bateman*, 2d Dist. Champaign No. 2010CA15, 2011-Ohio-5808, ¶ 5, citing *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). "In order for a plea to be knowing, intelligent, and voluntary, the trial court must comply with Crim.R. 11(C)." (Citation omitted.) *State v. Russell*, 2d Dist. Clark No. 10-CA-54, 2011-Ohio-1738, ¶ 6.

{¶ 9} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8. "The court must make the determinations and give the warnings that Crim.R. 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Crim.R. 11(C)(2)(c) identifies." *State v. Bishop*, Ohio Sup. Ct. Slip Opinion No. 2018-Ohio-5132, ___N.E.3d___, ¶ 11, citing *Veney* at ¶ 13.

{¶ 10} "While the court must strictly comply with the [constitutional] requirements listed in Crim.R. 11(C)(2)(c), the court need only substantially comply with the [non-constitutional] requirements listed in Crim.R. 11(C)(2)(a) and (b)." *Id.*, citing *Veney* at ¶ 18. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." (Citations omitted.) *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990).

{¶ 11} "Crim.R. 11(C)(2)(a) provides that, before accepting a guilty plea, a court must '[d]etermin[e] that the defendant is making the plea voluntarily, with understanding

of the nature of the charges and of the maximum penalty involved[.]' " *State v. Jones*, 2d Dist. Montgomery No. 24772, 2013-Ohio-119, ¶ 6. "The 'maximum penalty' includes any mandatory post-release control sanction[.]" *Id.* at ¶ 7.

{¶ 12} Pursuant to R.C. 2929.141(A)(1), a defendant who commits a felony offense while on post-release control may be subject to an additional prison term as a judicial sanction for violating post-release control. *Bishop*, Ohio Sup. Ct. Slip Opinion No. 2018-Ohio-5132, ___N.E.3d___ at ¶ 13. "The additional term can be as long as the greater of 12 months or the amount of time that remained on the existing postrelease-control term." *Id.*, citing R.C. 2929.141(A)(1). The court is not required to impose an additional prison term for the violation, but if it does, the defendant must serve the additional term consecutively to the prison term for the new felony. *Id.* The imposition of a prison term for the post-release control violation terminates the period of post-release control for the earlier felony. R.C. 2929.141(A)(1).

{¶ 13} Recently, the Supreme Court of Ohio held that "Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on postrelease control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control and to impose a consecutive prison sentence for the postrelease-control violation." *Bishop* at ¶ 21. In this case, the trial court opted to exercise its authority under R.C. 2929.141 and imposed a consecutive, two-year prison term for Jones's violation of his previously imposed term of post-release control. A review of the record indicates that before Jones entered his guilty plea to theft, the trial court discussed the consequences of Jones's violation of post-release control and stated the following at the plea hearing:

THE COURT: You were placed on post-release control on December 12, 2016, for a period of three years. Is that correct?

THE DEFENDANT: Correct.

THE COURT: Do you understand this conviction is a violation of post-release control?

THE DEFENDANT: I do.

THE COURT: As a result, the Parole Authority or this Court could impose an additional sanction of at least one year and up to the amount of time remaining on post-release control if it's greater than one year, and that would be required to be served consecutively to any sentence you receive on this case.

THE DEFENDANT: I do, Your Honor.

Plea Trans. (Apr. 17, 2018), p. 6-7.

{¶ 14} The plea form, which Jones signed and stated that he understood at the plea hearing, also states that Jones "understand[s] that if I am now * * * under post-release control from prison, this plea may result in revocation proceedings and any new sentence will be imposed consecutively." Plea Form (Apr. 17, 2018), Clark C.P. No. 2017-CR-0410B, Docket No. 29, p. 1-2.

{¶ 15} We find the trial court's advisements at the plea hearing and in the plea form substantially comply with the post-release control sanction notification requirement set forth in *Bishop*, Ohio Sup. Ct. Slip Opinion No. 2018-Ohio-5132, ___N.E.3d___. This is because the trial court advised Jones that, in addition to his prison term for theft, he could

also receive a prison term for violating his previously imposed term of post-release control. The trial court further notified Jones that if such an additional prison term was imposed, the term would run consecutive to his sentence for theft and could be as long as the greater of one year or the amount of time remaining on his post-release control.

{¶ 16} Because the trial court properly notified Jones during the plea proceedings of its authority to impose an additional, consecutive prison term for his violation of post-release control, Jones's claim that his guilty plea was not knowingly, intelligently, and voluntarily entered lacks merit.

II.

{¶ 17} For his second argument, Jones contends the trial court lacked authority to impose the sanction for violating post-release control under R.C. 2929.141, because the trial court never cited on the record the Montgomery County case number for which Jones was placed on post-release control. Jones claims the trial court's failure to cite the Montgomery County case number at the plea hearing or in the plea form rendered his guilty plea less than knowing, intelligent, and voluntary. Jones also claims the trial court's failure to cite the case number at the sentencing hearing and in the sentencing entry prejudiced him because it prevented him from collaterally attacking the original sentencing entry that imposed post-release control. We again disagree.

{¶ 18} As a preliminary matter, we note that at no point during the trial court proceedings did Jones object to the trial court's failure to cite the Montgomery County case number. "The general rule is that 'an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but

did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court.' " *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986), quoting *State v. Childs*, 14 Ohio St.2d 56, 236 N.E.2d 545 (1968), paragraph three of the syllabus. However, under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Consequently, Jones has waived all but plain error with regards to the trial court's failure to state the Montgomery County case number.

{¶ 19} "In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights." (Citations omitted.) *State v. Norris*, 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 22. "Plain error should be noticed 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *State v. Singleton*, 2d Dist. Montgomery No. 26889, 2016-Ohio-5443, ¶ 45, quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.

{¶ 20} Here, we find no error, plain or otherwise, in the trial court's failure to state the Montgomery County case number during the plea and sentencing proceedings. Although it is good practice to do so, there is no statute, rule, or other legal authority that requires the trial court to recite the specific case number of the earlier felony that resulted in the defendant being placed on post-release control before accepting a defendant's guilty plea or before sentencing a defendant to a sanction for violating post-release control under R.C. 2929.141. There is also nothing that requires the case number of the earlier felony to appear in the sentencing entry.

{¶ 21} As a further matter, the trial court's failure to state the Montgomery County

case number did not affect any substantial right of Jones. The record indicates that at all relevant times, Jones and his counsel had access to the case number. For instance, at a bond review hearing that took place before Jones's guilty plea, Jones's trial counsel advised the trial court that Jones was under APA supervision in Montgomery County and that counsel had spoken with Jones's probation officer. *See* Review Trans. (Dec. 4, 2017), p. 4. Jones's trial counsel was therefore aware that Jones was on post-release control in Montgomery County and could have obtained the case information from the probation officer.

{¶ 22} Furthermore, prior to sentencing, Jones's trial counsel advised the trial court that he had reviewed the PSI report, which included the May 7, 2018 letter from the APA that cited the Montgomery County case number at issue (Case No. 2015-CR-03898). *See* Disposition Trans. (May 8, 2018), p. 4. Therefore, the record clearly indicates that Jones and his counsel had access to the case number before he was sentenced. As a result, Jones suffered no prejudice from the trial court's failure to cite the case number on the record or in the sentencing entry.

{¶ 23} Because Jones failed to establish any error, let alone plain error, with regard to the trial court failing to state the Montgomery County case number, his second argument claiming the trial court lacked authority to impose the sanction for violating post-release control lacks merit.


III.

{¶ 24} For his third and final argument, Jones contends the two-year prison term imposed as a sanction for violating post-release control should be vacated because post-

release control was not properly imposed in the prior Montgomery County case. We once again disagree.

{¶ 25} It is well established that if a defendant commits an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. In addition, "a trial court must incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." (Citations omitted.) *Id.* at ¶ 19. Both forms of notice are necessary to authorize the parole board to exercise the authority that R.C. 2967.28 confers on that agency. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69, 71.

{¶ 26} When a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis sic.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. "The improper post-release control sanction 'may be reviewed at any time, on direct appeal or by collateral attack.' " *State v. Collins*, 2d Dist. Montgomery No. 27939, 2018-Ohio-4760, ¶ 16, quoting *Fische*r at ¶ 27.

{¶ 27} In this case, Jones did not present the trial court with the sentencing entries and/or sentencing transcripts from the Montgomery County case in which his post-release control was imposed. As a result, there is nothing on the record before this court to suggest that post-release control was not properly imposed. Absent any evidence

demonstrating that the Montgomery County court erred in imposing post-release control, we must presume regularity in the proceedings and find that post-release control was properly imposed. *State v. Williams*, 10th Dist. Franklin No. 08AP-1090, 2009-Ohio-3233, ¶ 8; *State v. Frost*, 6th Dist. Lucas Nos. L-06-1142 and L-06-1143, 2007-Ohio-3469, ¶ 63. Therefore, Jones's claim that post-release control was not properly imposed in the prior Montgomery County case lacks merit.

{¶ 28} Because all three of Jones's arguments lack merit, his single assignment of error challenging his guilty plea and sentence is overruled.

## Conclusion

{¶ 29} Having overruled Jones's sole assignment of error, we hereby affirm his conviction and sentence.

. . . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies sent to:

Andrew P. Pickering
Regina Rosemary Richards
Hon. Richard J. O'Neill