[Cite as *State v. Reardon*, 2022-Ohio-151.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-15 |
| | : | |
| v. | : | Trial Court Case Nos. 2021-CR-6, |
| | : | 2021-CR-7 and 2021-CR-18 |
| MICHAEL D. REARDON | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 21st day of January, 2022.

. . . . . . . . . . .

MATTHEW C. JOSEPH, Atty. Reg. No. 0090869, Miami County Prosecutor's Office, 201 West Main Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

DAWN S. GARRETT, Atty. Reg. No. 0055565, 70 Birch Alley, Suite 240-24005, Beavercreek, Ohio 45440
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-Appellant, Michael D. Reardon, appeals from three trial court cases, pursuant to which he was sentenced to a total of 36 months in prison. According to Reardon, the trial court erred by journalizing a sentence differing from what was imposed on the record and then attempting to correct it through a nunc pro tunc entry.

**{¶ 2}** We conclude that the trial court did not err in sentencing Reardon to an additional year in prison pursuant to R.C. 2929.141, based on Reardon's violation of post-release control. The court told Reardon of the additional sentence during the sentencing hearing and then properly included it in termination entries in two cases. However, the court's subsequent nunc pro tunc entry, eliminating the additional sentence from one judgment entry, was a nullity and had no legal effect. Therefore, Reardon's original sentence, including the additional year of incarceration, stands. Accordingly, the judgments will be affirmed, but Miami C.P. No. 2021-CR-6 will be remanded to the trial court with an instruction to vacate the nunc pro tunc entry.

## I. Facts and Course of Proceedings

**{¶ 3}** On February 1, 2021, Reardon appeared in the trial court, entered a waiver of his right to a grand jury proceeding, and agreed to proceed by prosecution by information of charges in Miami C.P. Nos. 2021-CR-6 and 2021-CR-7. Transcript of Proceedings ("Tr."), Waiver of Grand Jury Hearing, p. 4-5. At that time, Reardon signed written waivers acknowledged receipt of the information in each case and pled not guilty to the charges. *Id.* at p. 5-6. The court then included these matters in a pretrial that had been previously scheduled on a third criminal case, Miami C.P. No. 2021-CR-18. *Id.*

at p. 2 and 7. Thereafter, the three cases were handled together.

{¶ 4} Case No. 2021-CR-6 involved two counts of receiving stolen property, both fifth degree felonies. Similarly, Case No. 2021-CR-7 involved two counts of receiving stolen property, again both fifth degree felonies. In Case No. 2021-CR-18, Reardon had been indicted for possession of a fentanyl-related compound, also a fifth degree felony, and had pled not guilty to that charge on January 29, 2021.

{¶ 5} On March 8, 2021, Reardon appeared in court and changed his plea on all charges to guilty. Tr., Change of Plea Hearing, p. 13. The trial court accepted the plea, found Reardon guilty as charged, and scheduled a sentencing hearing for April 19, 2021. The court also ordered a presentence investigation ("PSI").

{¶ 6} During the plea hearing, the parties placed the following agreement on the record:

ASST. PROS. PARKER: There is an agreement. * * * The two charges in 21 CR 6 will run concurrent to one another. The two charges in 21 CR 7 will also run concurrent to one another.

ATTORNEY HEMM: But not necessarily concurrent to 21 CR 6.

ASST. PROS. PARKER: But 21 CR 6 and 21 CR 7, there's no agreement that those case numbers will run concurrent to each other, and then 21 CR 18 will run concurrent to both.

JUDGE: Okay, 21 CR 6 has two counts. The agreement is that those charges will run concurrent. No agreement that 21 CR 6 and 21 CR 7 run concurrent and then an agreement that 21 CR 18 runs concurrent to whatever sentence is a result of 21 CR 6 and 21 CR 7, is that correct?

ASST. PROS. PARKER:   Yes.

ATTORNEY HEMM:   Yep.

Tr., Plea Hearing, at p. 2-3.

{¶ 7} When all the offenses were committed, Reardon was on post-release control ("PRC") in a prior criminal case.   *Id.* at p. 6.   After being alerted during the plea hearing that Reardon was on PRC, the trial court entered into the following exchange with Reardon:

JUDGE:   This part I want you to pay really close attention to because it affects you right now.   If you are on post-release control, which you are right now, and you are convicted of a new felony, which you would be today when we get to the end of the proceeding, you would be sentenced on the new felony, which is all cases we have going on right now, but because you were on post-release control when you committed these offenses, then I have the discretion of imposing an additional year or the remainder balance on your post-release control term, whichever is greater as a maximum, so how much time do you have left on your post-release control?

MR. REARDON:   Like a year.

JUDGE:   A year?

MR. REARDON:   Yeah.

JUDGE:   If it's a year, either way the court can impose an additional year to whatever you receive on all these cases today, do you understand that?

MR. REARDON:   Yes, ma'am.

JUDGE:   That applies to you in the future as well.   If you for some reason have post-release control in the future and you're convicted of a new offense, the same philosophy applies.   Any questions at all about post-release control?

MR. REARDON:   No, ma'am.

JUDGE:   What all that means is, in addition to whatever sentence you face today, you may receive an additional year for post-release control, understand?

MR. REARDON:   Yes, ma'am.

Tr., Plea Hearing at p. 10-11.

{¶ 8} A PSI was conducted and a report was filed under seal.   At the sentencing hearing on April 19, 2021, the trial court indicated that it had read the PSI report.   The court then discussed Reardon's lengthy criminal history, beginning with 26 offenses when Reardon was a juvenile and continuing with multiple adult offenses and repeated imprisonment over many years, up to the present time.   (At the time of the hearing, Reardon was 36 years old).   Tr., Sentencing Hearing, p. 7-8.

{¶ 9} After discussing this history, the court imposed the following sentences: one year each for the two offenses in Case No. 2021-CR-6, with those sentences to run concurrent with each other; one year each for the two offenses in Case No. 2021-CR-7, with those sentences to run concurrent with each other and consecutive to the sentence in Case No. 2021-CR-6; six months on the offense in Case No. 2021-CR-18, with the sentence to run concurrent with the sentence in Case No. 2021-CR-7; and one year for

the PRC violation, to be served consecutively. *Id.* at p. 9-10. The court also imposed court costs, but no fines, for each case. *Id.* at p. 9.

{¶ 10} On April 26, 2021, the trial court filed sentencing entries in each case. The entries in Case Nos. 2021-CR-6 and 2021-CR-7 were the same, other than with respect to court costs. In each case, the court imposed the sentences as noted above for the felonies themselves, plus an additional year for the PRC violation, to be served consecutively. The total sentence, therefore, was 36 months. The court costs in Case No. 2021-CR-6 were $265, and the court costs in Case No. 2021-CR-7 were $257. The entry for Case No. 2021-CR-18 did not include the PRC sentence, but stated that the six-month sentence was to be served concurrent with Case No. 2021-CR-7. The court also imposed $331 in court costs.

{¶ 11} Reardon filed a notice of appeal in each case on April 29, 2021, and all three cases were docketed under Miami App. No. 2021-CA-15. After the appeals were filed, the trial court filed a nunc pro tunc entry in Case No. 2021-CR-6 on May 5, 2021. The court did not file a similar entry in the other two cases.[1]

{¶ 12} The nunc pro tunc entry eliminated the one-year sentence imposed for the PRC violation and left the other sentences for Case No. 2021-CR-6 unchanged. The court also imposed $425 in court costs, which increased the costs for that case by $160. Entry – Nunc Pro Tunc Imposition of Sentence, (May 5, 2021), p. 1.

## II. Imposition of Sentence

---

[1] Reardon has asked in his brief for permission to supplement the record with the nunc pro tunc entry. Appellant's Brief, p. 2. However, the record transmitted to us already includes this entry, and we will consider it to the extent needed.

{¶ **13**} Reardon's sole assignment of error states that:

> The Trial Court Erred When It Journalized a Written Entry Imposition of Sentence That Differed From the Sentence Imposed on the Record in the Presence of the Defendant and Then Sought to Correct it Nunc Pro Tunc While an Appeal Was Pending.

{¶ **14**} Reardon contends that the trial court erred in imposing the PRC sentence because it was not discussed in the record. Reardon further argues that the nunc pro tunc entry correctly reflects what was said on the record, but notes that a nunc pro tunc order may not be appropriate if entered during an appeal. Reardon therefore asks that we modify his sentence to read as it should have read, i.e., that his total sentence is only 24 months and does not include an additional year for the PRC violation.

{¶ **15**} Contrary to Reardon's contention, the trial court did discuss and impose a consecutive one-year sentence for the PRC violation. First, as noted, the court warned Reardon during the plea hearing that a sentence could be imposed for his admitted PRC violation. This is consistent with settled authority, which states that "Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on postrelease control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing postrelease control and to impose a consecutive prison sentence for the postrelease-control violation." *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, ¶ 21. Explanation of this particular right only requires "substantial compliance." *Id.* at ¶ 11.

{¶ **16**} During the sentencing hearing itself, the trial court also made the following statements after finding that Reardon was a risk to society and was likely to recommit:

The jointly recommended sentence as indicated will be followed in that 21 CR 6 Count 1, receiving stolen property, is a 12 month sentence; Count 2 is a 12 month sentence and Counts 1 and 2 will run concurrent. There will be court costs, no fines; and there is no restitution requested. Case No. 21 CR 7, Count 1, receiving stolen property, 12 month sentence; no fine, but court costs. Count 2, receiving stolen property, a 12 month sentence and Counts 1 and 2 of 21 CR 7 will run concurrent. 21 CR 18, possession of a fentanyl related compound, is a six month sentence. It will run concurrent to 21 CR 7 and it will also be court costs, no fine. Case Nos. 21 CR 6 and 21 CR 7 will run consecutive. The court finds under the statute, 2929.14(C)(4) that a consecutive sentence is necessary to punish the offender and consecutive sentences are not disproportionate to the seriousness of your conduct; the noncompliance that's been established and the fact that you continue to violate even while on post-release control. The court finds those statutory requirements are satisfied for a consecutive sentence. The other factor that really plays on the court is the pre-sentence investigation [that] indicates a summary of the facts. You were breaking into cars and stealing, but the fentanyl charge, you were found in a vehicle and when you were in that vehicle there was also a 9 mm handgun that had a bullet chambered. I don't believe the gun was yours; it could have been whose ever vehicle it was, but you're using drugs; you have reckless behavior; and there's a chambered bullet in that 9 mm handgun. Based upon all of that, in addition to the consecutive sentence, the court

does impose a consecutive one year as a post-release control violation enhancement. Your criminal history demonstrates, not just that there's no rehabilitation, but it establishes you are a complete threat to society at this point.

Tr., Sentencing Hearing at p. 9-10.

{¶ 17} Consistent with the discussion during the sentencing hearing, the court included the consecutive one-year sentence for the PRC violation in the entries in Case Nos. 2021-CR-6 and 2021-CR-7.

{¶ 18} Reardon has not argued on appeal that the trial court's initial imposition of a year's sentence for violation of PRC was in error, nor could he, since R.C. 2929.141(A)(1) authorizes trial courts to "impose a prison term for the post-release control violation." In addition, "[i]f the court elects to impose a prison term, that term must be served consecutively to any prison term imposed for the new felony." *State v. Fultz*, 2d Dist. Champaign No. 2018-CA-22, 2019-Ohio-2593, ¶ 16, citing R.C. 2929.141(A)(1). The PSI report indicated that Reardon was then on PRC based on a conviction for aggravated possession of drugs in Miami C.P. No. 2018-CR-582. *See* Court Ex. 1 (Sealed), p. 18.

{¶ 19} During the sentencing hearing, Reardon's attorney stated that he had been able to review the PSI report, and the trial court also referenced the 2018 conviction for which Reardon was on PRC. Tr., Sentencing Hearing at p. 3. *Compare State v. Jones*, 2d Dist. Clark No. 2018-CA-63, 2019-Ohio-303, ¶ 21-22 (finding no error, let alone plain error, due to trial court's failure to cite the PRC case number on the record or to include it in the sentencing entry).

{¶ 20} Rather than arguing that the additional sentence was unauthorized or that the court's decision was defective, Reardon simply contends that the court's later nunc pro tunc entry should be given effect. However, we disagree.

{¶ 21} The record does not contain a reason for the filing of the nunc pro tunc entry in Case No. 2021-CR-6, which eliminated the PRC sentence, at least for that case. However, the trial court lacked jurisdiction to enter this order, as Reardon had already filed a notice of appeal.

{¶ 22} "It is generally accepted that when an appeal is taken from the ruling of the trial court, the latter court is divested of jurisdiction to take any action inconsistent with the authority of the appellate court to review the appealed judgment (*e.g.*, an order vacating or modifying the appealed judgment)." *State v. Ward*, 187 Ohio App.3d 384, 2010-Ohio-1794, 932 N.E.2d 374, ¶ 44 (2d Dist.), citing *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). The trial court's action clearly was inconsistent with our authority to review the appealed judgments, which included the imposition of an additional consecutive term for the PRC violation.

{¶ 23} We have recognized that courts "generally may issue a nunc pro tunc entry any time." *State v. Smith*, 2d Dist. Greene No. 2010-CA-63, 2011-Ohio-5986, ¶ 7, citing Crim.R. 36. However, we have also stressed our holding "that a notice of appeal divests a trial court of jurisdiction to do so." *Id.*, citing *Ward*. In *Smith*, we did say, in a footnote, that:

> In a concurring opinion, one panel member in *Ward* recognized that, in the civil context, Civ.R. 60(A) actually allows clerical mistakes to be corrected during the pendency of an appeal if the correction is made before

the appeal is docketed or if leave is granted. *Ward*, at ¶ 50. The present appeal was docketed on September 3, 2010, well before the trial court filed its nunc pro tunc entry without obtaining leave from this court. Therefore, even if Civ.R. 60(A) were applicable here by analogy, the trial court erred in filing its nunc pro tunc entry.

*Smith* at ¶ 8, fn. 2.

{¶ 24} Here, as in *Smith*, the appeal was docketed before the trial court's nunc pro tunc order, and the court did not ask for leave to file the entry. More importantly, the change in the entry was not for purposes of correcting a clerical mistake. Instead, the change was a substantive correction, purporting to eliminate part of a sentence the court had imposed. "Errors subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 18. "Nunc pro tunc entries are used to make the record reflect what the court actually decided and not what the court might or should have decided or what the court intended to decide." *Id.*

{¶ 25} Nothing in the record indicates that the trial court initially made a clerical error or mechanical omission. To the contrary, the court clearly imposed an additional one-year sentence for the PRC violation during the sentencing hearing, and it followed that by including the PRC sentence in its sentencing entries. The change, therefore, involved a legal decision or judgment. As a result, the nunc pro tunc entry is "a nullity," and "had no legal effect." *Smith* at ¶ 8 and 10.

{¶ 26} In view of the preceding discussion, Reardon's assignment of error is

overruled in part and sustained in part. While we agree that the trial court's nunc pro tunc entry was of no effect, we disagree with the rest of Reardon's assignment of error. Because this has no effect on the actual judgments, we will simply remand Case No. 2021-CR-6 with an instruction that the trial court is to vacate the nunc pro tunc entry. In all other respects, the judgments in the three cases will be affirmed.

## III. Conclusion

**{¶ 27}** Reardon's sole assignment of error having been overruled in part and sustained in part, the judgments in Case No. 2021-CR-7 and Case No. 2021-CR-18 are affirmed. The judgment in Case No. 2021-CR-6 is also affirmed, with one proviso. Because the trial court's "nunc pro tunc" entry in Case No. 2021-CR-6 is a nullity and has no legal effect, that case is remanded with instructions to the trial court to vacate the nunc pro tunc entry.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Matthew C. Joseph
Dawn S. Garrett
Hon. Stacy M. Wall